# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASHLEY DOE, a minor, by : | : | No. 3:04cv1707 |
| and through her Parents and Natural | : | |
| Guardians, MICHAEL DOE and | : | (Judge Munley) |
| GAYLE DOE, | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | |
| | : | |
| EAST STROUDSBURG AREA | : | |
| SCHOOL DISTRICT and | : | |
| BLAND RICKY ROBERTS, | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Before the court for disposition is Defendant Bland Ricky Roberts' (hereinafter "Roberts" or "defendant") motion to dismiss plaintiffs' complaint. The matter has been fully briefed and argued, rendering it ripe for disposition.

**Background**[1]

At all relevant times, Plaintiff Ashley Doe (hereinafter "plaintiff" or "minor plaintiff") was a student at the East Stroudsburg Area School District. Defendant Bland Ricky Roberts (hereinafter "Roberts" or "defendant") was a coach/teacher at the school district.

Defendant allegedly applied ointment to a rash on plaintiff's stomach in the bathroom of the high school's suspension room. Roberts asked the plaintiff to pull her pants down to ensure that she did not have a rash anywhere else. After she started to pull down her pants, he pulled them down further himself.

---

[1]The background facts are derived from the complaint.

He touched her on the pubic area. Based upon this incident, plaintiff has suffered: embarrassment; humiliation; mental anguish; psychological and emotional distress; severe and continuing feelings of fear, anger and guilt; and severe and continuing feelings of lack of self-worth and inadequacy.

Plaintiff has brought a civil rights suit pursuant to 42 U.S.C. § 1983.[2] She has filed a six-count complaint alleging:   Count 1: Unreasonable Search and Seizures in violation of the Fourth and Fourteenth Amendments; Count 2: violation of substantive due process, constitutional right to privacy; Count 3: Assault (state law); Count 4: Battery (state law); Invasion of Privacy (state law); and Count 6: Intentional Infliction of Emotional Distress (state law). Defendant Roberts has filed a motion to dismiss the complaint based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure, bringing the case to its present posture.

**Jurisdiction**

As this case is brought for constitutional violations we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light

---

[2]Section 1983 provides for a cause of action for when a state actor violates an individual's constitutional rights. See 42 U.S.C. § 1983.

2

most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

Defendant raises the following issues in his motion to dismiss:    1) No search or seizure occurred, therefore, plaintiffs' Fourth Amendment claim must be dismissed; 2) No medical treatment was provided, therefore plaintiffs' claims must be dismissed; 3) Plaintiffs' substantive due process and right to privacy claims should be dismissed because in order to sustain this claim, the defendant must engage in conduct that was so ill-conceived or malicious that is shocks the conscience, and the plaintiffs have not alleged such conduct; 4) Defendant is subject to qualified immunity; 5) The suit against the defendant in his official capacity should be dismissed as it is duplicative of the suit against the defendant school district; 6) Common law immunity applies; 7) The minor plaintiff's parents cannot assert a violation of their rights based upon a violation of the plaintiff's rights; and 8) Punitive damages are not properly pled.   We shall discuss these issues *in seriatim.*

**I. Fourth Amendment Claim**

Defendant's first argument is that plaintiff's Fourth Amendment claim must be dismissed.  The Fourth Amendment of the United States Constitution protects individuals from unreasonable searches and seizures.[3]  The United States Supreme Court has held that the Fourteenth Amendment extends this constitutional guarantee to searches and seizures performed by state officers, including public school officials.  Vernonia School Dist. 47J v. Acton, 515 U.S. 646, 652 (1995).   Defendant claims that no search or seizure occurred in the instant case, therefore, plaintiff's Fourth Amendment claim should be

---

[3]Specifically, the Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. . .."

dismissed. After a careful review, we disagree.

Plaintiff argues that according to the complaint, Defendant Roberts pulled the minor's pants down further than she had, in order to examine her and to determine if she had a rash there. Such an activity is clearly a search according to the plaintiff. In support of her position, the plaintiff cites the following cases: Vernonia School District 47 v. Acton, 515 U.S. 646 (1995); Good v. Dauphin County Social Services for Children and Youth, 891 F.2d 1087 (3d Cir. 1989); Cornfield v. Consolidated High School District No. 230, 991 F.2d 1316 (7th Cir. 1993); and Tenenbaum v. Williams, 862 F. Supp. 962 (E.D.N.Y. 1994).

Defendant contends that these cases are all distinguishable from the instant case. In all of these cases, the search was performed for some investigatory purpose. For example, in Veronia, at issue was urinalysis conducted to determine whether students were using illegal drugs or alcohol, 515 U.S. at 649-50; Good, involved a child who was strip searched to determine if she had been beaten by her mother to determine if child abuse had occurred, 891 F.2d at 1090; Cornfield included allegations of a strip search performed to determine if a student possessed drugs, 991 F.2d at 1319; and in Tenenbaum, a gynecological exam of student was performed to determine if she had been sexually abused 862 F. Supp.at 967. Defendant argues that these cases illustrate the requirement that a search have an "investigatory" nature for it to rise to a constitutional level. No investigatory purpose is present in the instant case, therefore, no constitutional search occurred, according to defendant.

We find that Third Circuit Court of Appeals has not limited Fourth Amendment searches to those possessing an investigatory purpose. In Gruenke v. Seip, for example, the Third Circuit Court of Appeals found a Fourth Amendment search where a school official required a student to submit to a pregnancy test. 225 F.3d 290, 300. Although, no investigatory purpose is apparent - the school was not searching for

4

evidence of contraband or child abuse - the court found that the test "clearly" constituted a search. Id.

Likewise, in the instant case, when the defendant, a state actor, allegedly lowered the plaintiff's pants to examine her, a Fourth Amendment search occurred. Accordingly, we reject the defendant's argument, and we will not dismiss the case on the basis that a search did not occur.

### II. Medical Treatment

The second count of the plaintiff's complaint asserts that her substantive due process rights were violated because she was subjected to unwanted medical treatment. She claims that Defendant Roberts violated her rights by intruding into the zones of privacy related to one's own bodily integrity and the right to refuse medical treatment. Compl. ¶ 41. In addition, Count II asserts that the defendant violated the minor plaintiff's right to independent control of her own medical treatment in violation of the Due Process Clause of the United States Constitution. Compl. ¶ 42.

Defendant concedes that the Due Process Clause of the Fourteenth Amendment confers a significant liberty interest in avoiding unwanted medical treatment. He claims, however, that the complaint fails to allege any medical treatment occurred in the instant case. More particularly, defendant claims that ointment was merely administered to plaintiff's rash, and the application of ointment is not medical treatment.

The substantive due process aspect of the Fourteenth Amendment protects certain fundamental rights, including the right to be free from unjustified bodily intrusions, the right to refuse unwanted medical treatment and the right to sufficient information to intelligently exercise those rights. White v. Napoleon, 897 F.2d 103, 111 (3d Cir. 1990). The law also protects a plaintiff's interest in avoiding the disclosure of personal medical matters. Gruenke v. Seip, 225 F.3d 290, 302 (3d Cir. 2000).

In the instant case, the gist of the defendant's argument is that the application of ointment to the plaintiff was not so intrusive as to implicate any substantive due process rights. We disagree. While the parties have cited no case directly on point and our research has uncovered none, we find that the defendant's interpretation of the law is unjustifiably narrow.

Defendant's argument is that in Pennsylvania the doctrine of informed consent sets the standard for what constitutes medical treatment and when informed consent is necessary. The defendant argues that "informed consent" only relates to medical or surgical procedures and does not extend to the administration of therapeutic drugs. In the instant case, the defendant is alleged to have merely applied a therapeutic drug to the minor plaintiff. The minor plaintiff could have obtained the ointment "over-the-counter" at a drugstore. Defendant, therefore, likens this case to <u>Parents United for Better Schools, Inc. v. School Dist. of Phila. Bd. of Educ.</u>, 978 F. Supp. 197 (E.D. Pa. 1997), which held that condom distribution in schools is not medical treatment. <u>Id.</u> at 206. We are in disagreement with the defendant.

In <u>Parents United</u>, the court acknowledges that consent is necessary in cases where medical personnel come in physical contact with the patient. <u>Id.</u> In the instant case, the defendant is not alleged to have merely distributed the ointment to the minor plaintiff, but to have physically contacted her and rubbed the ointment onto her abdominal region. Accordingly, we find that the defendant did engage in a "medical treatment" and reject his arguments with regard to the minor plaintiff's substantive due process claim.

### III. Shocks the conscience

Defendant next argues that the substantive due process claim should be dismissed because to maintain such an action, the alleged conduct of the defendant must "shock the conscience." Defendant claims that the defendant's actions in the instant matter, even if proven as true, cannot rise to the level of

6

conscience shocking. We disagree.

"[T]he substantive component of the Due Process Clause can only be violated by governmental employees when their conduct amounts to an abuse of official power that 'shocks the conscience.'" Fagan v. City of Vineland, 22 F.3d 1296, 1303 (3d Cir. 1994). The facts as alleged in the instant case are that Defendant Roberts, plaintiff's coach and/or teacher, applied ointment to the minor plaintiff's stomach. He asked her to pull her pants down, and then pulled them down further by himself. He touched the plaintiff on the pubic area. Compl. ¶ 20-21. We cannot agree with the defendant that as a matter of law such allegations do not shock the conscience. Accordingly, the motion to dismiss with respect to the substantive due process claim will be denied.

### IV. Qualified Immunity

Defendant raises qualified immunity as a defense to the plaintiff's claims. He argues that as an individual school district employee, he is immune from suit under section 1983 pursuant to the doctrine qualified immunity.

In order to invoke the qualified immunity defense, the defendant must prove either that the plaintiff has not alleged a violation of constitutional right or has not alleged a violation of a constitutional right that was clearly established at the time in question. Saucier v. Katz, 533 U.S. 194, 202 (2001). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable [defendant] that his conduct was unlawful in the situation he confronted." Id.

Based upon our analysis above, we have found that the plaintiff has pled a violation of constitutional rights. These rights are not so newly recognized or novel for us to find that a reasonable official would not have reasonably known of them. Accordingly, we cannot at this time grant qualified

7

immunity to the defendant.

### V. Official Capacity

Defendant Roberts also seeks to dismiss the federal civil rights portion of the complaint on the basis that claims against him in his official capacity are duplicative of claims against the school district. We must determine, therefore, whether Defendant Roberts is being sued in his individual or his official capacity or both.

"Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, 473 U.S. 159, 165 (1985). "Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." Id. (internal quotation marks omitted). The Supreme Court has further explained: "Suits against state officials in their official capacity therefore should be treated as suits against the State. Indeed, when officials sued in this capacity in federal court die or leave office, their successors automatically assume their role in the litigation." Hafer v. Melo, 502 U.S. 21, 25 (1991).

To discern whether plaintiff sued Roberts in his personal, official capacity or both, we must look to the complaint and the course of the proceedings. Melo v. Hafer, 912 F.2d 628, 635 (3d Cir. 1990) (citing Kentucky v. Graham, 473 U.S. 159, 167 n.14). The complaint does not specify the capacity in which Defendant Roberts is sued. It merely states: "Defendant, Bland Ricky Roberts, was at all times relevant hereto an employee of the Defendant, East Stroudsburg Area School District, acting in the capacity of an athletic coach." Compl. ¶ 18.

A review of the allegations of the complaint reveal, however, that Roberts is being sued in his personal capacity. The complaint asserts that defendant touched the pubic area of the minor plaintiff while

8

applying ointment to her stomach. Compl. ¶ 20. The complaint is therefore attempting to impose personal liability for actions that defendant took under color of state law. He is not merely being sued as the alter-ego of the school. If he were to die or leave his position, the new school coach/teacher would not automatically be substituted as a defendant. Accordingly, he has been sued in his personal, or individual capacity.

Our conclusion is further supported by the fact that Defendant Roberts has raised the issue of qualified immunity, a defense available only to those governmental officials who are sued in their personal, individual capacities, not those sued in their official capacity. Melo, 912 F.2d at 636.

Accordingly, we find no merit to Defendant's argument that the civil rights allegations against him should be dismiss on the basis that they merely duplicate the claims against the school district.

### VI. Common Law Immunity

Defendant Roberts also claims that he is immune from suit from the state tort claims. Defendant's argument lacks merit.

Pennsylvania law provides a conditional immunity for torts committed by public officers and employees, who are not "high officials" where they act within the scope of their authority and their negligent conduct is not intentionally malicious, wanton or reckless. Dubree v. Pennsylvania, 303 A.2d 530, 534 (Pa. Commw. Ct. 1973).

First, we note that it is questionable whether this immunity applies to intentional torts at all, as it is couched in terms of "negligence" in the Dubree case, which is cited by the defendant. Id. Second, the complaint does allege that the defendant acted with the sufficient intent. For example, the battery count asserts that the defendant directly contacted the plaintiff's pubic area "with the intention of inflicting

offensive contact upon the Minor Plaintiff's person. . . ." Compl. ¶ 49.

Additionally, local agencies and employees thereof in Pennsylvania are covered by statutory official immunity. See 42 Pa.C.S.A. § 8546. The statute does not apply, however, where the conduct of the employee constituted a crime, actual fraud, actual malice or willful misconduct. 42 Pa.C.S.A. § 8550. "Willful misconduct" under this section has the same meaning as the term "intentional tort." Delate v. Kolle, 667 A.2d 1218,1221 (Pa. Commw. 1995). As the plaintiff alleges that the defendant committed intentional torts, the immunity would, by definition, not apply.

Moreover, it is too early, without discovery yet being completed, to determine whether the defendant acted with intent, maliciousness, wantonness or recklessness as these are factual determinations. Accordingly, the defendant's motion to dismiss based upon common law immunity will be denied.

### VII. Parents' claims

The defendant moves to dismiss the substantive claims asserted by the minor's parents. Plaintiff's complaint asserts that they were deprived of their "time honored . . . parental liberties." Compl. ¶ 7. Defendant concedes that parents can assert such a claim, but only if they aver that the defendant acted with deliberate indifference to a known danger. Brown v. Pennsylvania, 318 F. 3d 473, 479 (3d Cir. 2000). Defendant then argues that the plaintiff has not alleged that he acted in conscious disregard of harm that could have occurred. We are unconvinced.

The complaint, as discussed above, asserts intentional behavior on the part of the defendant in pulling the minor plaintiff's pants down further than they had been lowered and touching her on the pubic area. Such intentional behavior, if proven, could establish a conscious disregard of the harm that could have occurred. Accordingly, the defendant's motion to dismiss the parents' claims will be dismissed.

### VIII. Punitive damages

Defendant argues that the plaintiffs' claim for punitive damages does not state a claim as the allegations do not rise to the level of outrageousness required for punitive damages. We disagree.

Punitive damages may be awarded where a person's action are of such an outrageous nature as to demonstrate intentional, willful, wanton or reckless conduct. Ruffing v. 84 Lumber Co., 600 A.2d 545, 551 (Pa. Super. Ct. 1991). When viewed in the light most favorable to the plaintiffs, we cannot say that they have failed to allege outrageous behavior that was intentional, willful, wanton or reckless. Accordingly, the punitive damages claim will not be dismissed.

### Conclusion

For the reasons set forth above, the motion to dismiss filed by Defendant Bland Ricky Roberts will be denied. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ASHLEY DOE, a minor, by and through her parents and natural guardians, Michael Doe and Gayle Doe,** | : : : : | **No. 3:04cv1707** |
| **Plaintiffs** | : : | **(Judge Munley)** |
| **v.** | : : | |
| **EAST STROUDSBURG AREA SCHOOL DISTRICT and BLAND RICKY ROBERTS,** | : : : | |
| **Defendants** | : | |

## **ORDER**

**AND NOW**, to wit, this 13th day of June 2005, the motion to dismiss filed by Defendant Bland Ricky Roberts (Doc. 12) is hereby **DENIED**.

                                                                                         **BY THE COURT:**

                                                                                         **s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court**